UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| RLA MARKETING, INC., | : | Civil Action No.: 04-3442(HAA) |
| Plaintiff, | : | |
| v. | : | **OPINION and ORDER** |
| | : | **ON FORMAL MOTION** |
| WHAM-O, INC. et al., | : | |
| Defendants. | : | |

## I.   INTRODUCTION

This matter having been opened to the Court upon Motion by Robert J. Schoenberg, Esq., of the law firm Riker Danzig, LLP, attorneys for the Defendant, WHAM-O, Inc. ("WHAM-O") seeking to strike Plaintiff RLA Marketing, Inc.'s ("RLA"), Request for Admissions. For the reasons set forth below the motion is granted.

## II.   PROCEDURAL BACKGROUND

On March 4, 2005, a discovery end date of May 16, 2005, was set in this matter. On June 2, 2005, the discovery end date was extended until June 30, 2005. On June 29, 2005, the Honorable G. Donald Haneke, U.S.M.J., entered an Order extending the discovery period to July 21, 2005, solely for the purpose of taking certain depositions and ordered that all other aspects of discovery remain unchanged and in full force and effect.[1] On November 14, 2005, the parties engaged in arbitration and an award was entered. Subsequently, RLA requested a trial de novo as to its award and the award to Defendant on the counterclaim. A Final Pre-Trial conference was

---

[1] See *RLA Marketing v. Wham-O*, Civil Action No. 04-3442, Document #11.

set for June 16, 2006, but has not been held due to further discovery disputes and requests by the parties for adjournments as a possible settlement was indicated.

### III.    FACTUAL BACKGROUND

The allegations in this case are well known to the parties and will not be repeated here at length. Sometime before April 2005, RLA served a Demand for Production of Documents ("Demand") on WHAM-O. The Demand requested documents pertaining to certain toy sales as well as general information regarding the operations of WHAM-O's company and business interactions with RLA. Document Request No.15, which has led to the matter presently before this Court, requested:

> *[a]ll documents and correspondence WHAM-O received from Toys R Us relating to orders for the calendar years 2002 and January 1 through June 30, 2003.*[2]

WHAM-O responded:

> *[n]o documents exist that are responsive to this Request. Investigation Continues.*[3]

On April 4, 2005, WHAM-O served what it believed were responsive documents to Document Request No. 15. RLA alleges that, in spite of WHAM-O's production of documents, including the April 4, 2005, production, WHAM-O never disclosed to RLA, during pre-trial discovery, whether it had served any documents which were responsive to Document Request No. 15. However, it appears that after the close of pre-trial discovery RLA learned that a January 10, 2005, "Sales by Customer Report", which this Court believes was in fact produced by WHAM-O and was in the custody of RLA at the relevant times, actually contained the requested

---

[2] *See* RLA's Letter Brief in Opposition to Wham-O's motion to strike, at EXHIBIT A.

[3] *See id.*

information.

Subsequently, on September 7, 2006, almost fourteen (14) months after the close of formal discovery, RLA served WHAM-O with Requests for Admissions. RLA alleges the Requests are simply to narrow the issues at trial and to eliminate having to prove facts that do not appear to be in dispute. On September 12, 2006, WHAM-O sent correspondence to RLA's counsel objecting to the Request for Admissions as untimely. On September 13, 2006, RLA's counsel responded and indicated that Requests for Admissions could be served at any time prior to trial. On October 4, 2006, within thirty (30) days of receipt of the Requests for Admissions, WHAM-O's counsel wrote to the Court and indicated that there was a dispute as to the Requests for Admissions and requested guidance on same. On or around October 16, 2006, counsel in this matter conducted a telephone conference wherein WHAM-O's counsel agreed to provide answers to the Requests for Admissions governing authenticity of certain documents but not as to the remaining Demands. On October 25, 2006, RLA's counsel sent correspondence to WHAM-O indicating that they might be willing to accept a stipulation. WHAM-O objected to this request as a mischaracterization of the evidence and relationship between the parties. Due to the parties inability to resolve this matter via a meet and confer or informally with the Court, WHAM-O filed the within motion on November 1, 2006.

WHAM-O objects to the Request for Admissions as untimely and suggests that the Requests for Admissions are improper as they are drafted in such a manner that "improperly characterizes the documentary evidence" and serve "only [to] create further controversy".[4] RLA's counsel asserts that WHAM-O's Motion to Strike is untimely as it was not filed within

---

[4] See WHAM-O's Letter Brief in Support of its Motion

thirty (30) days after the Requests for Admissions were served.

## IV.   DISCUSSION

### A.   Timeliness of WHAM-O's Motion to Strike

RLA argues that this Court should reject WHAM-O's Motion as untimely. As correctly indicated by RLA, a motion to quash requests for admissions must generally be made within the thirty (30) day period a party has to respond to the request. Specifically, *Fed. R. Civ. P.* 36(a) states

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

*Fed. R. Civ. P.* 36(a). In the instant matter, the Requests for Admissions were served on WHAM-O on September 7, 2007, and WHAM-O's Motion to Strike was filed on November 1, 2007, almost a month outside the thirty (30) day time frame. Therefore, at first blush, it appears as though WHAM-O's Motion was served out of time and the matters admitted. However, motions to quash or strike Requests for Admissions are not governed solely by *Fed. R. Civ. P.* 36. As stated in the comments to *L. Civ. R.* 37.1

> [t]he experience of [this] Court has shown that the vast majority of discovery disputes may be settled by the parties if they confer and negotiate a resolution in good faith. Therefore, under *L. Civ. R.* 37.1(a)(1), no discovery motion may even be filed until counsel for all parties have conferred in an attempt to resolve the dispute without recourse to the Court. Moreover, if the parties fail to resolve the dispute at their conference, then before a motion can be filed, they must present the matter to the Magistrate Judge by telephone conference call or by letter.

Lite, N.J. Federal Practice Rules, Comment 2 to *L. Civ. R.* 37.1. (Gann) (referencing *Bristol-Myers Squibb Securities Litigation*, 205 F.R.D. 437, 440 (D.N.J. 2002). Moreover, this Court has

recognized that failure to adhere to the procedure set forth above may prevent consideration of a motion to dismiss for failure to comply with discovery pursuant to *Fed. R. Civ. P.* 37. *See e.g. FDIC v. Modular Homes, Inc.*, 859 F. Supp. 117 (D.N.J. 1994); *Durst v. Federal Express*, 2006 U.S. Dist. LEXIS 36031 (D.N.J. June 2, 2006); *Methode Electronics v. Adam Technologies*, 2005 U.S. Dist. LEXIS 16025 (D.N.J. July 28, 2005). More importantly, *Fed. R. Civ. P.* 36(a) specifically provides the Court with the ability to shorten or lengthen the time in which to respond to Requests for Admissions or in the alternative seek an Order to strike same.

      In this particular case, WHAM-O raised its concerns over the Requests for Admissions with RLA's counsel, via correspondence dated September 12, 2006. A copy of said correspondence was provided to this Court. Subsequent to that time, RLA and WHAM-O met and conferred, according to the Local Civil Rules to informally resolve the dispute. Unfortunately, the parties were unable to resolve the dispute in this manner. Therefore, on October 4, 2006, counsel for WHAM-O wrote to Magistrate Judge Falk, the Magistrate Judge assigned to this matter at such time, and indicated that the dispute over the Requests for Admissions could not be resolved amongst the parties and requested a telephone conference regarding said dispute. A conference was scheduled and held before Magistrate Judge Falk on or about October 16, 2006. During the conference the dispute over the Requests for Admissions was raised informally but was unable to be resolved. Magistrate Judge Falk indicated a motion regarding the Requests for Admissions could be filed. Subsequently, on November 1, 2006, WHAM-O filed the within Motion.

      This Court cannot conclude from the time frame set forth above that WHAM-O's Motion was untimely filed. Pursuant to the Local Civil Rules, WHAM-O first raised this issue with

opposing counsel and then informally with this Court, prior to the expiration of the thirty (30) day time frame set forth in *Fed. R. Civ. P.* 36(a) and pursuant to *L. Civ. R.* 37.1. Surely, the parties made Magistrate Judge Falk aware of the time frame set forth above and with that knowledge Judge Falk granted WHAM-O the option of filing a motion after the thirty (30) day time frame had run, which, as previously stated, is within the Court's discretion as defined in *Fed. R. Civ. P.* 36(a).

In light of the foregoing, this Court has determined that WHAM-O's Motion to Strike was not untimely filed and therefore, is properly within the purview of this Court.

**B.    Requests for Admissions as Discovery**

Under Rule 36 of the Federal Rules of Civil Procedure, a party

> may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

*F. R. Civ. P.* 36.

While Rule 26(a)(5) of the Federal Rules of Civil Procedure expressly states that requests for admissions is a method to <u>discover</u> additional information this Court recognizes that there is nothing in our rules, nor in this Circuit's case law that specifically defines Requests for Admissions as discovery. RLA's counsel, during oral argument on this motion, pointed this Court to two recent cases in this Circuit which, upon first reading, appear on point in this matter. The Eastern District of Pennsylvania, referring to a Third Circuit case stated that "requests for admissions typically come late in discovery or even after discovery has been completed and trial is imminent." *Synthes v. Globus Medical, Inc, Slip Copy*, 2006 WL 3486544 (E.D.Pa. November

29, 2006) (citing *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992)). *Langer* goes on to provide that "[i]f at that point a party is served with a request for admission of a fact that it now knows to be true, it must admit that fact, even if that admission will gut its case and subject it to summary judgment. That is what Rule 36 was intended to do -- narrow the issues for trial, or even altogether obviate the need for trial." *Langer*, 966 F.2d at 803. Unfortunately, neither *Synthes* nor *Langer* provide this Court with a Rule. The language in *Synthes* and *Langer*, as cited by RLA is pure dicta. *Synthes* and *Langer* simply restate the status quo in this District regarding Requests for Admissions. Therefore, this Court must look elsewhere to determine how Requests for Admissions should be treated.

     Even more recognizable than the lack of judicial authority in this District on the manner in which Request for Admissions should be treated is the differing viewpoints amongst our sister Districts which is amply put forth in the parties' briefs. For instance, in *Gluck v. Ansett Australia Ltd.*, a case cited by both parties in this matter, plaintiff served requests for admissions on defendant just days before the discovery cutoff date. *Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217 (D.D.C. 2001). The Magistrate Judge granted the defendant's motion for a protective order because the thirty-day period that a served party has to respond to a request for admission would have ended beyond the date for completing the first phase of discovery. *Id.* The plaintiff moved for reconsideration of the denial of his motions to compel and the granting of the defendant's motion for a protective order. *Id.*

     The District Judge, upholding the Magistrate Judge's opinion, declared that "the text, structure and purpose of the federal rules and the scheduling order in this case suggest that service of plaintiff's requests for discovery was subject to the discovery deadline." *Id.* at 219.

The *Gluck* Court ultimately concluded that requests for admissions are a discovery tool and therefore are subject to general discovery deadlines. Supporting this argument the *Gluck* Court stated

> Rule 26(a)(5) explicitly lists requests for admissions as a means of obtaining discovery. Fed. R. Civ. P. 26(a)(5). Moreover, the drafters of the Federal Rules of Civil Procedure included Rule 36 in the chapter of the rules governing depositions and discovery. Since the rules were designed to provide for fair and speedy resolutions of disputes, it is fair to conclude that the framers of the rules intended that requests for admissions be subject to the rules applicable to other discovery tools, including Rule 16(b)(3) under which discovery deadlines are fixed in scheduling orders. [internal citations omitted]

*Gluck*, 204 F.R.D. at 219.

The Southern District of New York has also ruled similarly. In *Revlon Consumer Products Corp. v. Estee Lauder Companies, Inc.*, the District Court held

> [t]here should be no doubt that Requests for Admissions pursuant to Fed. R. Civ. P. 36 are a discovery device, from (1) the placement of Rule 36 in the section of the Federal Rules of Civil Procedure labeled "V. Depositions and Discovery," (2) the provision in Rule 36 that Requests for Admissions "may not be served before the time specified in Rule 26(d)," which section is entitled "Timing and Sequence of Discovery," (3) language in the Advisory Committee Notes to Rule 36 (1970 and 1993 Amendments) that makes clear that Rule 36 is part of "discovery procedures" and "discovery rules," and (4) the ability to impose sanctions under Rule 37 (entitled "Failure to Make Disclosure or Cooperate in Discovery") for violations of Rule 36. Clearly, Requests for Admissions are a discovery device and are covered by the discovery cut-off date.

*Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, 2001 U.S. Dist. LEXIS 6616, 2-3 (S.D.N.Y. May 16, 2001).

Additionally, as the *Gluck* Court recognized "[a] substantial number of other courts...have treated requests for admissions as being subject to discovery cutoff dates". *Gluck*, 204 F.R.D. at 219 *(cross referencing Coram Health Care Corp. of Ill. v. MCI Worldcom*

*Communications, Inc.*, 2001 U.S. Dist. LEXIS 18909 (N.D. Ill. Nov. 15, 2001) (holding that a request for admission is a tool of discovery subject to discovery cutoff dates); *Toone v. Federal Express Corp.*, 1997 U.S. Dist. LEXIS 11637 (D.D.C. July 30, 1997) (denying motion to compel responses to request for admissions because request was served on the date for completion of discovery); *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. May 5, 1995) (treating "requests for admission as a discovery device for purposes of establishing a deadline for service upon the other party"); *Kershner v. Beloit Corp.*, 106 F.R.D. 498, 499 (D. Me. 1985) (holding that "any general deadline for completion of discovery facially applies to requests for admissions")). Therefore, there is ample persuasive authority that Requests for Admissions should be treated as discovery.

      On the other hand, the *Gluck* Court, citing *O'Neill v. Medad*, stated that "[t]he assertion that requests for admissions may not be, technically speaking, tools of discovery has led to a split of authority as to whether requests for admission should be subject to discovery cutoff dates. Some courts have held that requests for admission are not subject to discovery cutoff dates because, theoretically, a requesting party is not seeking to discover anything." *Gluck*, 204 F.R.D. at 219 (cross referencing *O'Neill*, 166 F.R.D. 19, 21 (D. Mich. 1996) (holding that "plaintiff need not have submitted requests for admissions by the August 15 discovery motion cutoff date or by the discovery cutoff date of September 15 because requests for admissions are distinct from other general discovery devices and are not subject to discovery cutoff dates")); *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989) (holding that "Rule 36 requests for admissions [are] not included within the parameters of a general cutoff for discovery in a scheduling order").

Moreover, multiple Districts have ruled that requests for admissions are not, strictly speaking, discovery tools as they are devices to establish facts without the necessity of formal proof through testimony or documents presented at trial. *See, e.g., Champlin v. Oklahoma Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963); *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 1992 WL 394425, *2-3 & n.3. (E.D. Pa. Dec. 28, 1992) (noting that requests for admissions do not need to await the completion of discovery and are not necessarily a discovery tool but they must be reasonably calculated to lead to the discovery of admissible evidence).

This Court has engaged in a thorough review of the *Gluck* decision as well as a multitude of decisions in other Districts on the issue of Requests for Admissions as discovery. Such a review was undertaken as WHAM-O's counsel has requested that this Court determine their nature and has suggested that Requests for Admissions are in fact a discovery tool. On the other hand, RLA's counsel has indicated that Requests for Admissions should not be considered a discovery tool and believes that this Circuit has so stated. As such, the majority of briefing and oral argument focused on this matter. However, after oral arguments, this Court has concluded that it need not define Requests for Admissions as discovery or non-discovery to rule on WHAM-O's motion and leaves this discussion for a time when it is more properly before this Court. The Motion can and shall be decided on different grounds.

  C.  **Requests for Admissions in Relation to the Previously Held Arbitration**

As previously indicated, this matter was ordered to arbitration and same was held on November 14, 2005, before Arbitrator Norman Sade. *L. Civ. R.* 201.1 and the notes related thereto, indicate that all pretrial proceedings are to be completed before arbitration as arbitration is viewed as a substitute before the Court, rather than a step along the way to trial. *See* Lite, N.J.

Federal Practice Rules, Comment 4 to *L. Civ. R.* 201.1 (Gann). Additionally, the comments to *L. Civ. R.* 201.1 state that "[i]f the [arbitration] program is to work, then, counsel must treat and approach the arbitration hearing with the same diligence and seriousness as they would any bench trial." *Id.* Therefore, according to this Court's local rules, all pre-trial matters must be completed prior to arbitration as if arbitration itself were the trial. This Court finds then, that all matters, discovery or otherwise, including Requests for Admissions, must have been completed prior to arbitration. There is nothing on the record to suggest and this Court does not find that the parties could point to any authority that would permit the service of Requests for Admissions after trial has begun, or after a final pre-trial conference was held. Since arbitration is to be treated as a trial this Court can analogize that Requests for Admissions cannot be served after arbitration. Most critically, this Court determines that RLA had, within its purview and control, the discovery documents required to serve Requests for Admissions prior to arbitration. Therefore, it cannot go unnoticed that RLA waited fourteen (14) months after the close of discovery, almost nine (9) months after arbitration and three (3) months after the case was scheduled for a pre-trial conference to raise new issues in their Requests for Admissions.

      It is of no concern to this Court that there has been a delay in the time between arbitration and trial de novo. In fact, in March of 2006, a final pre-trial conference was set for May 30, 2006. Most critically, no motion was ever made to re-open discovery and the Court never, *sua sponte* re-opened same. In a similar regard, no other discovery was engaged in subsequent to the arbitration, i.e. no further interrogatories were served by either party and no further depositions were taken. This lends itself to the assumption that both parties were aware that all matters, including but not limited to discovery, had to be completed prior to arbitration.

In light of the above discussion this Court concludes that no action, other than those required pursuant to the pre-trial order, including discovery and/or the service of Requests for Admissions were proper after arbitration began in the same way they would be improper after a final pre-trial conference. Therefore, the Requests for Admissions served by RLA in this matter that are the subject of this Motion, are deemed untimely and shall be struck.

## V. CONCLUSION

For the reasons set forth above, Defendant, WHAM-O's, Motion to Strike Plaintiff, RLA's, Request for Admissions is hereby granted.

It is this 5th day of March, 2007**, SO ORDERED**

                                                        s/   Esther Salas
                                                  **Hon. Esther Salas**
                                                  **United States Magistrate Judge**