NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RLA MARKETING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHAM-O, INC., )<br>)<br>Defendant. )<br>) | Hon. Harold A. Ackerman<br><br>Civil Action No. 04-3442 (HAA)<br><br>**OPINION AND ORDER** |

Neal M. Eiseman, Esq.
GOETZ FITZPATRICK, LLP
One Penn Plaza, Suite 4401
New York, New York 10119
*Attorneys for Plaintiff*

Robert J. Schoenberg, Esq.
Khaled J. Klele, Esq.
Kimberly A. Porcaro, Esq.
RIKER DANZIG SCHERER HYLAND & PERRETTI, LLP
One Speedwell Avenue
Morristown, New Jersey 07962
*Attorneys for Defendant*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on Plaintiff RLA Marketing, Inc.'s (RLA) motion (Doc. No. 40), pursuant to Local Rule 7.1(i), for reconsideration of the Court's February 21, 2008 Opinion and Order (hereinafter "Order"). For the following reasons, the Court will deny Plaintiff's motion.

It is well settled that "[t]he purpose of a motion for reconsideration is to correct manifest

errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Courts will only grant reconsideration in the following circumstances: (1) when intervening changes in controlling law occur; (2) when previously unavailable evidence comes to light; or (3) when "necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citation omitted); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005) (quoting *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003)).

Put another way, motions for reconsideration have a limited scope. "Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision." *Feit v. Great-West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632, 643 (D.N.J. 2006) (Ackerman, J.). "[A] motion for reconsideration is not an appeal." *Id.* A party may not "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F.Supp. 1311, 1314 (D.N.J.1990) (Ackerman, J.) (quotation omitted).

At issue in the case was whether Defendant Wham-O, Inc. owed RLA commissions under the parties' contract for toy orders RLA solicited on Wham-O's behalf prior to the termination of the contract on December 31, 2002. In somewhat unusual procedural circumstances, Wham-O sought summary judgment against itself, conceding damages for unpaid commissions on orders it accepted during 2002 ($30,256.15), but denying commissions (exceeding $97,000) on orders

accepted by Wham-O after the termination of the agreement. Wham-O premised its argument on the terms of the parties' contract. The Court granted Wham-O's motion, awarding damages to the Plaintiff in the amount of $30,256.15 for the outstanding commissions on orders accepted by Wham-O in 2002.

The Court based its decision on the fact that the plain language of the parties' contract only required payment of commissions "on orders *accepted* by [Wham-O] before termination." (Order at 3, 7–8, 10 (citing Manufacturer's Representative Agreement (MRA) ¶ 4(c).) Viewed in light of another contractual provision that expressly granted Wham-O the power to accept *or* reject orders solicited by RLA, the Court determined that the "accepted by" language of ¶ 4(c) clearly required some form of assent by Wham-O prior to the termination date for the commission requirement to attach. (*See* Order at 8 (comparing MRA ¶ 1(c) *with* ¶ 4(c)).) RLA simply presented no evidence that Wham-O accepted the additional orders on or before December 31, 2002. (Order at 8–10.)

In moving for reconsideration, RLA completely disregards the entire contractual issue of whether Wham-O accepted the orders and instead only refers the Court to evidence suggesting that RLA "secured" additional orders before the 2002 termination date of the parties' contract. (Pl.'s Br. at 2.) RLA apparently takes issue with this Court questioning whether it had presented any evidence that it "secured" the orders prior to the end of 2002. Yet, RLA's argument misses the entire point of the Court's Order: RLA presented absolutely no evidence that Wham-O *accepted* those orders prior to the December 2002 termination date. Indeed, RLA fails to make even the slightest attempt to explain how its solicitation of orders has any relevance to the question of whether and when Wham-O accepted those orders. Whether or not RLA "secured"

the orders has nothing to do with whether *Wham-O* approved those orders, a condition precedent that the Court determined, as a matter of law, was required by the contract.

Ultimately, RLA fails to demonstrate that the Court erred in its legal judgment. It submits no changes in controlling law, no newly discovered evidence, and no arguments suggesting the Court has made a clear error of law. Instead, Plaintiff merely asks the Court to reconsider evidence unrelated to the decisive contractual language and then change its mind about whether Plaintiff has presented a genuine issue of material fact. In such circumstances, the "extraordinary remedy" of reconsideration is wholly unwarranted.

Accordingly, it is hereby ORDERED that Plaintiff's motion (Doc. No. 40) for reconsideration of the February 21, 2008 Order is DENIED.


October 3, 2008
Newark, New Jersey

                                                              /s/ Harold A. Ackerman
                                                             U.S.D.J.